UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.

ABUBAKARR SAVAGE,

    **Defendant.**

Case No. 2:22-cr-222(4)

JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Abubakarr Savage's Motion in Limine. (ECF No. 213.) The Government opposed Mr. Savage's Motion. (ECF No. 223.) Trial is set to begin on August 7, 2024. (*See* ECF No. 226.) For the reasons below, Mr. Savage's Motion is **DENIED**.

    **I.    BACKGROUND**

Mr. Savage is accused of engaging in a conspiracy to illegally traffic controlled substances as a member of a criminal organization known as the Third World Mob. (*See* Second Superseding Indictment, ECF No. 97.) Mr. Savage is charged under Count 1 with Conspiracy to Distribute Controlled Substances. (*Id.*) His Motion seeks to exclude certain evidence related to an August 4, 2022 traffic stop. (ECF No. 213, PageID 1169.) The traffic stop led to a search of the vehicle Mr. Savage was driving. (*Id.*) During that search, law enforcement discovered ski masks, cash, multiple cell phones, a marijuana shake, and a firearm in the center console. Because he had a prior felony conviction, Mr. Savage was arrested and later indicted in this Court with one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (*See United States v. Abubakarr Savage*, Case No. 2:22-cr-197 (S.D. Ohio), ECF No. 16.) Mr. Savage pleaded guilty to that charge and is serving a 30-month term of incarceration. (*Id.*, ECF Nos. 44, 54, 55.)

1

The Government intends to introduce testimony and footage from the arresting officers' body worn camera that captured the traffic stop and images of the items discovered during the automobile search. (ECF No. 223, PageID 1388.) Mr. Savage seeks to exclude any testimony that "ski masks," "masks," or a "marijuana shake" were recovered during the traffic stop. (ECF No. 213, PageID 1168, 1171.) Mr. Savage makes three main arguments to support his position. First, he argues that evidence that he possessed ski masks does not make it any more or less likely that he participated in the conspiracy to distribute controlled substances. (*Id.* at PageID 1172.) Thus, the ski masks are irrelevant. (*Id.*) Next, he argues that because this physical evidence was not taken into evidence after the traffic stop, he has not had the opportunity to inspect the evidence. (*Id.*) Lastly, he contends that any probative value of the marijuana shake or ski masks is substantially outweighed by the danger of unfair prejudice and should be excluded under Rule 403 of the Federal Rules of Evidence. (*Id.* at PageID 1173.)

In response, the Government explains that the ski masks are relevant to the underlying conspiracy charge for two reasons. (ECF No. 223, PageID 1388.) First, Mr. Savage was seen on surveillance wearing a ski mask and leaving a location later determined to store narcotics. (*Id.*) The ski masks found during the traffic stop thus connect Mr. Savage with a location found to have drugs which is of consequence here because he is charged with participating in a drug trafficking conspiracy. (*Id.*) Second, the Government intends to introduce evidence that at least one other co-conspirator and alleged member of the Third World Mob was caught with ski masks during the conspiracy. (*Id.* at PageID 1389.)

The Government argues the marijuana shake (described as the remnants of the cannabis plant) seized from Mr. Savage is highly relevant to the drug conspiracy case. (*Id.* at PageID 1390.)

2

And while the Government admits that the evidence here may be prejudicial, the Government contends that it is not unfairly prejudicial as to substantially outweigh the evidence's probative value. (ECF No. 223, PageID 1389.) Any connotation of criminality associated with ski masks, according to the Government, is best addressed through cross-examination, not by excluding the highly probative evidence. (*Id.* at PageID 1392–93.)

**II.     STANDARD OF REVIEW**

Evidence is not admissible if it is irrelevant. Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. But even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Parties may raise preliminary questions relating to the admissibility of evidence before trial. *See* Fed. R. Evid. 104(a). Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine, the United States Supreme Court held that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984); *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (allowing motions in limine to avoid delay and ensure an evenhanded and expeditious trial). To exclude evidence, a party must prove that the evidence is clearly inadmissible on all potential grounds. *Id.*

### III. ANALYSIS

The Court will address the admissibility of the marijuana shake before turning to the admissibly of the ski masks.

Evidence that the defendant possessed marijuana in a case charging the defendant with conspiracy to distribute marijuana is relevant and admissible. *See, e.g.*, *United States v. Whyte*, 795 F. App'x 353, 361 (6th Cir. 2019) (admitting photographic evidence of the defendant "flaunting cash, drugs and guns" to prove defendant was part of a criminal conspiracy to distribute drugs); *United States v. Galicia*, 609 F. App'x 302, 305 (6th Cir. 2015) (finding that marijuana seized was "clearly relevant to the nature of the conspiracy" and was "direct evidence that [defendant] and his associates were trafficking marijuana"). Likewise, evidence that Mr. Savage possessed even just remnants—or a "shake"—of marijuana during the time frame of the conspiracy has a tendency to make it more likely that he and his associates were trafficking marijuana. The probative value of the remnants is not substantially outweighed by a danger of unfair prejudice. In the context of Rule 403, unfair prejudice does not operate to exclude evidence that is "damag[ing] to a defendant's case [as a] result[] [of] the legitimate probative force of evidence." *United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999). Although evidence that Mr. Savage possessed remnants of marijuana in 2022 may cast Mr. Savage in a negative light, and thus be prejudicial, the Court does not find that it is *unfairly* prejudicial as to warrant exclusion. Accordingly, the Court will not exclude evidence of the marijuana shake observed by law enforcement during the August 4, 2022 traffic stop and subsequent automobile search.

To support its argument that the ski masks are also relevant and admissible, the Government relies upon *United States v. Gibbs*, 182 F.3d 408 (6th Cir. 1999). (ECF No. 223, PageID 1391.) In that case, the defendants were accused of participating in a drug conspiracy as

4

part of a violent drug gang known as the Short North Possy ("SNP"). At trial, the Government admitted photographs of t-shirts found in the defendant's bedroom which connected the defendant to the SNP. *Id.* The Sixth Circuit found that although the photographs of the t-shirts referred to violence, and their "violent nature" may be prejudicial, the photographs were highly probative of the Government's allegation that the defendant was affiliated with SNP. *Id.* "Gang affiliation is particularly relevant, and has been held admissible, in cases where the interrelationship between people is a central issue." *Id.* (citations omitted).

The Court agrees that, here, the interrelationship between people is a central issue. But in *Gibbs*, the t-shirts provided a much stronger link between the defendant and the drug trafficking conspiracy than the generic ski masks at issue in this case. The t-shirts in *Gibbs* included direct references to the SNP and shootings—giving the t-shirts (and photographs of t-shirts) a greater probative value. The greater probative value was not substantially outweighed by the danger of unfair prejudice.

Although distinguishable from *Gibbs*, the Court finds that there is some probative value of the evidence that Mr. Savage possessed a ski mask, as shown on the arresting officer's body worn camera footage. The probative value is not based on ski masks' cultural connotation of criminality as Mr. Savage suggests; instead, the ski masks connect Mr. Savage to a house where drugs related to the charged conspiracy were later found. (ECF No. 223, PageID 1392.) Mr. Savage was seen on surveillance wearing a ski mask leaving a location later found to have narcotics. (*Id.* at PageID 1388.) And the ski masks also purportedly connect Mr. Savage to other members of the conspiracy found with ski masks. (*Id.* at PageID 1389.)

The Courts finds evidence of the ski masks is not unfairly prejudicial such that the danger of unfair prejudice substantially outweighs the probative value. (*See* ECF No. 213, PageID 1173.)

Mr. Savage argues that because the officers did not collect the ski masks or marijuana shake, the evidence is unavailable for inspection. (*Id.* at 1171.) Further, Mr. Savage submits that he was not charged with a marijuana offense, and law enforcement did not test to confirm that the substance was marijuana. (*Id.*) Essentially, Mr. Savage suggests that because he cannot inspect the items, any testimony related to the items should be excluded. (*Id.*) But he cites no case law to support this argument, nor is the Court familiar with such an evidentiary rule. Mr. Savage will have ample opportunity at trial to confront the arresting officer and attack the veracity of his testimony and the evidence captured by his body worn camera. Accordingly, the Court will not exclude evidence of the "marijuana shake" observed by law enforcement during the August 4, 2022 traffic stop and subsequent automobile search.

## IV. CONCLUSION

For the reasons above, the Court **DENIES** Mr. Savage's Motion in Limine. (ECF No. 213.)

**IT IS SO ORDERED.**

**8/2/2024**                                        **s/Edmund A. Sargus, Jr.**
**DATE**                                           **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**